EDGAR M. BUTLER, Appellant, *v.* MAXWELL MORRIS, Respondent, Impleaded with MAXWELL MORRIS and Others, Doing Business as MORRIS AUTO COMPANY, Defendants.

Second Department, June 25, 1924.

Trial — action in equity — issues for trial by jury framed at request of defendant — error to withdraw issues after plaintiff rested and to send case back to Special Term on ground that issues were not properly framed — proper procedure was to apply to Special Term to resettle or vacate order.

Where the defendant in an equity action has procured an order framing issues, it is error for the trial court after the plaintiff has rested, to withdraw the issues from the jury on the defendant's request and send the case back to the Special Term for trial, on the ground that the issues framed were not properly prepared and confused questions of law and fact.

The proper procedure, if there was anything wrong with the issues as framed, was for the defendant to apply for an order resettling the order framing the issues or for an order to vacate that order.

APPEAL by the plaintiff, Edgar M. Butler, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 16th day of October, 1923, granting the motion of the defendant Maxwell Morris to withdraw certain issues from trial by jury and to refer back to the Special Term for trial thereof all the issues raised by the pleadings as between the plaintiff and said defendant, and remanding the cause as between them to the Special Term for trial.

*Otho S. Bowling* [*Charles E. Russell* with him on the brief], for the appellant.

*David L. Podell* [*Max D. Steuer* with him on the brief], for the respondent.

KELLY, P. J.:

The defendant in an equity action having applied for and obtained at Special Term an order framing issues for trial by jury, the issues, so framed at his request, came on for trial at a Trial Term of the court, before the court and a jury. The plaintiff proceeded to prove his case and rested at the close of the second day of the trial. The defendant then asked the trial judge to dismiss the complaint, and later to return the case to the equity side of the court. He said: " We are entitled to a trial in equity," and insisted that the questions, framed for submission to a jury on his own motion, were improperly framed and could not be

submitted to a jury. He succeeded in persuading the trial justice to withdraw the issues from the jury and to send the case back to the Special Term for trial although the learned justice expressed some doubt as to the propriety of the procedure. It may be that the questions of fact framed on defendant's motion were not scientifically prepared and confused questions of law and fact, but there would appear to be little difficulty in separating the questions of fact from the questions of law, in taking the verdict of the jury on the facts and returning the verdict to the Special Term where the remaining issues were to be determined. But if there was anything wrong with the questions as framed, application to resettle the order, to reframe the issues, or to vacate the order if defendant had changed his viewpoint as to the desirability of a trial by jury, should have been made to the Special Term. To force the plaintiff to proceed with the trial before the jury, to disclose his evidence and submit his witnesses to cross-examination, and then to ask the trial justice to proceed no further, to send the case back to the equity branch of the court and thus, in effect, to reverse the order framing issues was, to say the least, very remarkable procedure.

The order withdrawing the framed issues from the jury and returning the case to the Special Term for trial should be reversed on the law, with ten dollars costs and disbursements.

JAYCOX, KELBY, YOUNG and KAPPER, JJ., concur.

Order withdrawing framed issues from the jury and returning case to the Special Term for trial reversed on the law, with ten dollars costs and disbursements.